[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on March 7, 1970, at Garden CT Page 7066 City, New York. They have resided continuously in this state since 1972. There is one minor child issue of the marriage, Gregory Joseph Blackwood Frangipane born June 6, 1978.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 21 years. The plaintiff husband is 47 years of age and is presently in good health. The plaintiff is a composer and producer of musical productions.
The defendant wife is 44 years of age. The defendant is in good health and is presently employed as a Registered Nurse earning approximately $562.50 gross per week, with a net of $451.97 per week. During the early days of the marriage the defendant devoted herself to her duties as a homemaker, raising their 2 children, one of whom is still a minor. Since approximately 1984 she has been gainfully employed outside the home.
The plaintiff has devoted himself to his musical career and is currently involved in promotional music. He is presently a senior musical producer for the Frank Gari Production Company. The plaintiff derives additional income from union work and royalties. The plaintiff is a graduate of the Eastman School of Music and did some post graduate work at the Julliard School of Music.
The major asset of the marriage is the family home valued at between $500,000 to $550,000 and subject to a mortgages in the approximate amount of $150,000. Both parties agreed the home should be sold and both agreed that the home requires extensive repairs of at least $20,000.
The plaintiff claims he earns income of $1,500 per week from Frank Gari Productions. In addition, he earns income from independent work as a musician/composer/conductor. During the past five years, the plaintiff has averaged approximately $5,768 per year in additional income. The plaintiff's April 1991 affidavit reported a total gross income of approximately $89,999 per year. His current affidavit indicates a gross of approximately $82,206 and a net of $48,391.72 per year. The plaintiff uses a portion of his personal expenses as business CT Page 7067 deductions thereby reducing his net profit for income tax purposes.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marriage as both parties have contributed to the breakdown of their relationship.
The court has carefully considered the statutory criteria in entering the orders that follow.
Custody/Visitation
1. The parties agreed and it is ordered that there shall be joint custody of the minor child Gregory Frangipane with primary residence to be with the defendant mother.
2. The plaintiff father shall have reasonable, liberal and flexible rights of visitation with the minor child.
Real Estate
Both parties agreed that the marital home located at 57 Indian Field Road, Greenwich, Connecticut ought to be sold. The home requires necessary repairs and fix-up expenses to be sold for a reasonable value. The following orders are entered:
1. The plaintiff husband shall pay for the necessary repairs and fix-up expenses up to $25,000. The repairs and expenses shall include roof repairs, painting of exterior trim, interior painting, repair of water damage and necessary plumbing repairs and such other repairs and expenses as are necessary to place this property in saleable condition. The defendant shall oversee the work necessary to accomplish the necessary repairs.
2. The marital home shall be placed on the market for sale as expeditiously as possible.
3. The parties shall select the real estate broker and establish an appropriate listing price and place the house on the Multiple Listing Market.
4. From the proceeds of the sale of the marital home the following liabilities and debts shall be paid:
 (a) The first and second mortgage; (b) the Putnam Trust loans totaling approximately $25,000 (c) reimbursement to the plaintiff husband for repairs and fix-up expenses up to $25,000; (d) real estate commission, customary closing costs CT Page 7068 and attorneys fees.
5. Thereafter, the net proceeds shall be divided 60% to the defendant wife and 40% to the plaintiff husband.
6. By stipulation dated August 20, 1991 approved and ordered bv the court, the defendant agreed to pay the plaintiff the sum of $5,840.43 representing one-half of the income tax liability for the years 1988 and 1989, without interest, at the time of closing. It is not clear to the court whether this payment is to come from the defendant's 60% share of the net proceeds or from the gross proceeds of the sale of the real estate.
7. The defendant shall have exclusive possession of the marital home until it is sold.
8. Until such time as the marital home is sold, the defendant shall be responsible for the 1st mortgage and real estate taxes on the marital home in addition to the utilities and house expenses as indicated on her financial affidavit dated August 16, 1991.
9. Until such time as the marital home is sold the plaintiff shall be responsible for the 2nd mortgage on the marital home.
10. The court shall retain jurisdiction over any disputes that arise in connection with the sale of the real estate.
11. Each party shall be liable for his/her proportional share of the capital gains tax.
Alimony/Child Support
1. Until such time as the marital home is sold, the plaintiff shall pay to the defendant as unallocated alimony and child support the sum of $600 per week.
2. Commencing on the first week, after the closing of the real estate, the plaintiff shall pay to the defendant as alimony the sum of $250 per week until the death of the plaintiff or the defendant, the defendant's remarriage or cohabitation within the meaning of the statute or seven years from date, whichever event shall first occur.
3. Commencing on the first week after the closing of the real estate, the plaintiff shall pay to the defendant as child support the sum of $200 per week until said child reaches the age of 18, becomes emancipated or dies. CT Page 7069
Other Property
1. The following assets are awarded to the plaintiff:
 a. His Westinghouse stock; b. his Exon stock; c. one-half (12) of the EE Bonds; d. one-half (2) of the $10,000 C.D.; e. his Retirement/Pension Fund; f. The plaintiff shall retain any other personal property in his possession unless otherwise disposed of herein.
2. The following assets are awarded to the defendant:
 a. her Putnam Trust account; b. her IRA; c. one-half (12) of the EE Bonds; d. one-half (12) of the $10,000 C.D.; e. the defendant shall retain any other personal property in her possession unless otherwise disposed of herein.
3. The furniture and furnishings in the marital home shall be equally divided between the parties. If they are unable to agree, they shall consult with Family Services for mediation. If this fails, the court will enter appropriate orders after holding a hearing on this matter.
Debts
Each party shall be responsible for any debts listed on their financial affidavit if not otherwise disposed of in this memorandum of decision.
Medical Coverage
The plaintiff husband shall provide and maintain Blue Cross/Blue Shield medical coverage or comparable for the benefit of the minor child. Any unreimbursed medical expense shall be equally divided between the parties.
Life Insurance
The plaintiff shall provide and maintain life insurance in the amount of $100,000 with the defendant noted as beneficiary thereon for so long as he has an obligation to pay alimony and/or child support. This provision shall be modifiable.
Change of Name CT Page 7070
The defendant is granted a change of name to Susan Jane Muir.
Income Tax
1. The stipulation entered into between the parties dated August 20, 1991 with respect to the 1988 and 1989 income tax returns is approved and entered as an order.
2. The plaintiff shall hold the defendant harmless from any and all liability in connection with the filing of any other joint federal income tax returns during the term of the marriage.
Counsel Fees
No counsel fees are awarded to either party.
An immediate withholding in ordered.
COPPETO, J.